UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN HEFNER, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:20-cv-2478 |
| | ) |
| FLAT-OUT, INCORPORATED, | ) |
| WILLIAM H. STARKEY, and AMY | ) |
| DIANE STARKEY, | ) |
| | ) |
|       Defendants. | ) |

## COMPLAINT

Plaintiff, Brian Hefner ("Hefner"), brings claims against Defendants, Flat-Out, Incorporated ("Flat-Out"), William H. Starkey ("WHS"), and Amy Diane Starkey ("ADS",)(collectively "Defendants") as follows:

## OVERVIEW

1. This Complaint arises under the Fair Labor Standards Act, 29 U.S.C. §201 et. Seq. ("FLSA"), The Indiana Wage Payment Statute ("IWCS"), I.C. §22-2-9 et. seq., and the Indiana Minimum Wage Law of 1965, I.C. §22-2-2 ("IMWL"). Defendant violated the FLSA by failing to pay Hefner at least minimum and overtime wages under federal and Indiana law. Plaintiff also contends he was not paid commissions pursuant to the agreement reached by the Parties.

## PARTIES

2. Hefner is an individual who, at all relevant times, worked in or near Indianapolis, Indiana. He was employed by Defendants within the meaning of the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned, Hefner was an

1

individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1). Moreover, Hefner was an employee as defined by I.C. §22-2-2-3.

3. Flat-Out is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r). Alternatively, Hefner's work regularly involved commerce between states. Moreover, Flat-Out is an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 I.C. §22-2-2-3, employing two or more employees at all times relevant to the events described in this Complaint. Flat-Out's business is located in Indianapolis, Indiana.

4. At all times hereinafter, Flat-Out has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1). It sells recreational vehicles to consumers.

5. WHS is the owner of Flat-Out. In this capacity WHS is involved in the day-to-day operations of Flat-Out. WHS has the authority to make decisions regarding wage and hour issues and establishes Flat-Out's pay practices. At all relevant times, WHS has responsibility to act on behalf of, and in the interest of, Flat-Out in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Hefner. As a result, WHS is an "employer" within the meaning of 29 U.S.C. § 203(d).

6. ADS is an owner of Flat-Out. In this capacity ADS is involved in the day-to-day operations of Flat-Out. ADS has the authority to make decisions regarding wage and hour issues and establishes Flat-Out's pay practices in Indiana. At all relevant times, ADS has responsibility to act on behalf of, and in the interest of, Flat-Out in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Hefner. As a result, ADS is an "employer" within the meaning of 29 U.S.C. § 203(d).

## JURISDICTION

7. This Court has jurisdiction over Defendant pursuant to 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over Hefner's Indiana state law claims pursuant to 28 U.S.C. §1367.

## VENUE

8. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. §1391 as all the events arose in Indianapolis, Indiana.

## FACTS

9. Hefner was hired by Defendants on or about April 26, 2020. He was employed as a Finance Manager. Hefner resigned his position in late June 2020.

10. Hefner's job was on-site, requiring him to complete the financial transactions leading to the sales of recreational vehicles. It was agreed he would be paid a rate of 30% on a number of items, including gap insurance profit, doc fees, warranty purchases, and finance fees.

11. In this capacity, Hefner worked at least 60 hours per week.

12. Plaintiff was paid for work performed during his first pay period in late April and early May. Defendants underpaid Plaintiff for his second pay period. Defendants altogether failed to pay Plaintiff any wages thereafter.

13. Plaintiff's total commissions owed is $23,737.37.

14. Commissions were earned when financial transactions documents were signed even if they were not yet funded (e.g. loans).

15. Plaintiff clocked in and out each day, so Defendants have records indicating the hours he worked.

16. Plaintiff attempted to resolve this matter directly with Defendants. Having made no progress, Plaintiff filed this lawsuit.

on or about July 12, 2019.

17. When Hefner discovered his position was listed in Indeed, he resigned his position.

18. Hefner has suffered financial harm as a result of Defendant' conduct.

### LEGAL COUNTS

### COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

19. Hefner incorporates paragraphs 1 – 18 herein.

20. During the relevant time period, Defendants violated the provisions of 29 U.S.C. §206 and §207 by failing to comply with the minimum or overtime requirements of the FLSA.

21. Hefner was not paid at least time and one-half his regular rate for hours he worked in excess of forty (40) hours per week. Moreover, Hefner was not paid minimum wage for hours he worked up to and including forty (40) hours per week.

22. Hefner was harmed by Defendants' unlawful willful and/or reckless conduct. Moreover, Defendants' conduct intentionally or recklessly violated the mandates of the FLSA.

### COUNT II: VIOLATIONS OF THE INDIANA MINIMUM WAGE LAW OF 1965

23. Hefner incorporates paragraphs 1 – 22 herein.

24. Hefner pleads his Indiana minimum wage law claims in the alternative.

25. At all relevant times Defendants violated the Indiana Minimum Wage Law of 1965's minimum wage provisions by failing and refusing to pay Hefner at least minimum wage for all hours worked and one and one-half times his regular rate of pay for all hours he worked in excess of 40.

26. Defendants' conduct is willful, reckless, or indifferent to Hefner's rights. Hefner has been harmed as a result.

## COUNT III: VIOLATION OF THE INDIANA WAGE PAYMENT STATUTE

27. Hefner incorporates paragraphs 1 – 26 herein.

28. Defendants' failed to pay deferred wages to Hefner as it promised to do.

29. Defendants violated the IWPS and withheld such payments to Hefner without a good faith or reasonable basis.

30. Hefner suffered harm as a result of Defendants' conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to find in his favor and award him the following relief:

a. An Order pursuant to Section 16(b) of the FLSA and/or the Indiana Minimum Wage Law finding Defendants liable for unpaid back wages due to Plaintiff in addition to liquidated damages equal in amount to the unpaid compensation due to Plaintiff;

b. An order awarding Plaintiff unpaid wages, including commissions, and any applicable penalties under Federal and Indiana law;

c. An Order awarding Plaintiff the costs of this action;

d. An Order awarding Plaintiff his attorney's fees;

e. A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA and/or Indiana law by failing to comply with the minimum overtime wage requirements of the FLSA and Indiana law; and

f. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff